UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-1324(DSD/TNL)

Victor Ikechukwu Ujuagu,

    Plaintiff,

v.                            **ORDER**

STI Edge Phone Card,

    Defendant.

    This matter is before the court upon the pro se complaint and application to proceed in forma pauperis of plaintiff Victor Ikechukwu Ujuagu. See 28 U.S.C. § 1915(e). Ujuagu seeks "a subpoena from the court to allow me [to] get my call record from [defendant] STI Prepaid Edge Phone Card." Compl. 4. Ujuagu further states "I am not seeking any monetary compensation." Id. Ujuagu invokes diversity jurisdiction and asserts that he is a citizen of Minnesota and defendant is a citizen of New York. Id. at 3.

    Federal courts are courts of limited jurisdiction. Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991). As a result, the court must raise issues of jurisdiction sua sponte "when there is an indication that jurisdiction is lacking." Id. A plaintiff seeking to invoke diversity jurisdiction must show complete diversity between the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332.

    The court liberally construes pro se complaints, and will dismiss an action only if it appears beyond doubt that the

plaintiff "can allege no set of facts which would support an exercise of jurisdiction." <u>Sanders v. United States</u>, 760 F.2d 869, 871 (8th Cir. 1985).  In the present action, Ujuagu seeks a subpoena: he does not — and can not — meet the amount-in-controversy requirement.  Therefore, the court lacks jurisdiction over this action, and dismissal is warranted.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The application to proceed in forma pauperis [ECF No. 2] is denied as moot; and
2. This action is dismissed.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  May 24, 2011

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court